**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZURI S.K. YOUNG, | ) NO. CV 18-6173-AG(E) |
| Plaintiff, | ) |
| v. | ) ORDER TO SHOW CAUSE |
| D. AVALOS, et al., | ) |
| Defendants. | ) |

Plaintiff, a state prisoner, filed a civil rights Complaint on July 17, 2018, accompanied by a "Request to Proceed without Prepayment of Filing Fees with Declaration in Support." Defendants are the Chief Deputy Warden and a correctional officer at the California State Prison, Los Angeles County, Plaintiff's former place of incarceration,[1] and the Chief of Inmate Appeals of the California Department of Correction and Rehabilitation. Plaintiff asserts claims for alleged deprivation of personal property, alleged retaliation and discrimination and alleged denial of Plaintiff's asserted right to file grievances. Plaintiff seeks injunctive relief and compensatory

---

[1] Plaintiff now is incarcerated at the Richard J. Donovon Correctional Facility in San Diego, California.

and punitive damages.

On September 6, 2018, the Court granted Plaintiff's Request to Proceed without Prepayment of Filing Fees.

Under the Prison Litigation Reform Act, Pub L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may not bring a civil action <u>in forma pauperis</u> ("IFP") if, on three (3) or more previous occasions, the prisoner has brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous or malicious or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A denial of IFP status can count as a prior dismissal or "strike" for purposes of section 1915(g). <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153-54 (9th Cir. 2008). A dismissal following a plaintiff's failure to amend a complaint in conformity with a prior order dismissing the complaint for failure to state a claim with leave to amend constitutes a strike. <u>See</u> <u>Harris v. Mangum</u>, 863 F.3d 1133, 1141-42 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of . . . opportunities to amend." "Once a prisoner has been placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant, the prisoner bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." <u>Richey v. Dahne</u>, 807 F.3d 1202, 1206 (9th Cir. 2015) (citation, internal brackets and quotations omitted).
///
///

Recent sua sponte review of the dockets of this Court and other Courts has revealed that Plaintiff previously has filed three or more actions which may qualify as "strikes" under section 1915(g).[2]

1. <u>Young v. Attorney General of the State of California</u>, United States District Court for the Eastern District of California case number CIV S-99-1039 DFL JFM P.

Plaintiff, then a prisoner at the Kern Valley State Prison, filed this civil rights action on May 26, 1999. On July 30, 1999, the Court dismissed the Complaint with leave to amend. On August 12, 1999, Plaintiff filed an Amended Complaint naming as defendants the Director of the California Department of Corrections, a prison warden and a federal district judge. On September 9, 1999, the Magistrate Judge issued Findings and Recommendations recommending dismissal of the action, on the grounds that: (1) Plaintiff failed to state any cognizable claim against the supervisor defendants; and (2) absolute judicial immunity shielded the judge from suit. On October 7, 1999, the District Judge issued an order adopting the Findings and Recommendations in full and dismissing the action. Judgment was entered on October 7, 1999.

///
///

---

[2] The Court takes judicial notice of Plaintiff's federal court cases and appeals described herein. See <u>Mir v. Little Company of Mary Hosp.</u>, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Court has verified that Plaintiff is the individual who brought the actions described herein by reference to the dockets of these actions showing Plaintiff's prison number, J-03193.

2. <u>Young v. Sumptner, et al.</u>, United States District Court for the Central District of California case number 2:05-cv-03653-CBM(E).

Plaintiff, then a prisoner at the Richard J. Donovon Correctional Facility, filed this civil rights action against prison officials on May 23, 2005. On August 1, 2005, the defendants filed a motion to dismiss. On October 4, 2005, the Court issued a "Memorandum and Order Dismissing Complaint with Leave to Amend." The Court ruled that Plaintiff's Fourth and Eighth Amendment claims failed as a matter of law and that Plaintiff had failed to state any cognizable equal protection or due process claim. The Court also ruled that Plaintiff had failed to alleged the requisite personal involvement of two defendants in any alleged wrongdoing and that Plaintiff could not seek damages against the defendants in their official capacities and could not seek attorney's fees.

Because Plaintiff did not file a First Amended Complaint within the allotted time, the Magistrate Judge issued a Report and Recommendation on December 5, 2005 recommending dismissal of the action for failure to prosecute. Plaintiff filed objections to the Report and Recommendation. Accordingly, on January 3, 2006, the Magistrate Judge issued a Minute Order withdrawing the Report and Recommendation and granting Plaintiff thirty days to file a First Amended Complaint. However, Plaintiff did not file a First Amended Complaint within the allotted time. Accordingly, on February 14, 2006, the Magistrate Judge issued a Report and Recommendation recommending dismissal of the action without prejudice for failure to prosecute. On March 30, 2006, the District Judge issued an order

adopting the Report and Recommendation and directing that judgment be entered dismissing the action without prejudice. Judgment was entered on April 3, 2006.

3. <u>Young v. Voong, et al.</u>, United States District Court for the Eastern District of California case number 1:17-cv-01671-LJO-SAB (PC).

Plaintiff, then an inmate at the Richard J. Donovon Correctional Facility, filed this civil rights action on November 21, 2017, in the United States District Court for the Southern District of California, against prison officials at the Corcoran State Prison and the Chief of Appeals of the California Department or Corrections and Rehabilitation. On December 13, 2017, the United States District Court for the Southern District of California transferred the action to the United States District Court for the Eastern District of California.

On December 15, 2017, the Court in the Eastern District issued a screening order dismissing the Complaint with leave to amend, on the grounds that the Complaint failed to state a due process claim for deprivation of property, failed to allege any cognizable conspiracy or retaliation claim and failed to allege any cognizable claim for interference with the appeals process. On January 2, 2018, Plaintiff filed a First Amended Complaint.

On January 5, 2018, the Magistrate Judge issued "Findings and Recommendations Recommending Dismissal of Action for Failure to State a Cognizable Claim for Relief," on the grounds that the First Amended

Complaint again failed to state any cognizable claim.  See Young v. Voong, 2018 WL 306195 (E.D. Cal. Jan. 5, 2018).  On March 7, 2018, the District Judge issued an Order adopting the Findings and Recommendations and dismissing the case with prejudice for failure to state a claim for relief.  Judgment was entered on March 7, 2018.

Plaintiff's appeal is pending.  See United States Court of Appeals for the Ninth Circuit case number 18-15526 (appeal filed March 28, 2018).[3]

**ORDER TO SHOW CAUSE**

Within twenty-one (21) days of the date of this Order, Plaintiff is ordered to show cause in writing, if there be any, why Plaintiff's in forma pauperis status should not be revoked on the ground that Plaintiff has suffered three or more dismissals qualifying as "strikes" under 28 U.S.C. section 1915(g).  Failure timely to respond to this Order may result in dismissal of the action.

IT IS SO ORDERED.

DATED: September 10, 2018.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] A dismissal can count as a strike despite a pending appeal.  Coleman v. Tollefson, 135 S. Ct. 1759 (2015).